# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

FILED
APR 18 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| John T. Pruitte | ) | Case No. 3:19mj60 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 22, 2017__ in the county of __Dinwiddie__ in the __Eastern__ District of __Virginia__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Sections 841(a) and 846 | Conspiracy to Distribute a Mixture and Substance Containing a Detectable Amount of Fentanyl and Acetylfentanyl. |

This criminal complaint is based on these facts:

See attached affidavit.

☒ Continued on the attached sheet.

Reviewed by AUSA/SAUSA:
Angela Mastandrea-Miller, AUSA

*Complainant's signature*

A. J. Ulery
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 18, 2019

/S/
David J. Novak
United States Magistrate Judge
*Judge's signature*

City and state: Richmond, Virginia

*Printed name and title*

## AFFIDAVIT

The affiant, Adam J. Ulery, having been duly sworn, depose and states that the information contained herein is true and accurate to the best of your affiant's knowledge.

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been since October 2009. My law enforcement and legal training consist of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in the winter of 2009, and the Special Agent Basic Training at the ATF National Academy in the spring of 2010. I received specialized training at the academy concerning violations of the Gun Control Act within Title 18 of the United Stated Code. Since graduating from the academy, I have been at the ATF Fairview Heights, IL Field Office from the spring of 2010 until April 2016 and then at the Richmond, VA Field Office from April 2016 through the present. In addition to training at the academy, I attended the ATF Complex Case training in January of 2013. During my tenure as an ATF Special Agent with the Department of Justice, I have participated in, and lead numerous investigations, to include but not limited to, homicide, organized crime, narcotics and firearms trafficking, and Federal firearms violations. These violations are included in Title 18 and 21 of the United States Code. I have authored search and seizure, and arrest warrants in connection with these investigations.

2. The information in this affidavit is the result of a joint investigation involving the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and the Colonial Heights Police Department. All information contained in this affidavit is either

1

based upon your affiant's personal knowledge and or the investigation and observations of other officers and agents involved in this investigation.

3. I present this affidavit in support of a criminal complaint charging JOHN PRUITTE with Conspiracy to Distribute Fentanyl and Acetylfentanyl in violation of Title 21 U.S.C. §§841(a)(1) and 846.

4. Since this affidavit is being submitted for the limited purpose of establishing probable cause to arrest PRUITTE, it is not intended to include each and every fact and matter observed or known to the government. I have set forth only those facts necessary to show that there is probable cause to support the charge set forth in paragraph 3 above.

5. On December 23, 2017, a female (identified hereafter as ELT) was found unresponsive at her residence in Dinwiddie, VA. Shortly after she was found by her mother in an unresponsive condition, Dinwiddie County Sheriff's Deputies and paramedics arrived to the residence. ELT was pronounced dead shortly thereafter.

6. Deputies located an opened plastic baggie near ELT's body which contained a white powdery substance. The baggie was secured by law enforcement and was subsequently sent to the DEA Mid-Atlantic Laboratory for testing. The contents of the baggie tested positive for Fentanyl and Acetylfentanyl. Deputies also located a piece of silver aluminum foil with burnt residue on the kitchen counter near ELT's body as well as a straw with a white powdery substance. These items returned as no controlled substance found.

7. ELT's mother advised deputies that her daughter had a drug addiction, and that her drugs of choice were heroin and cocaine.

8. On January 8, 2018, ATF Special Agent Jason McClendon and Task Force Officer Reggie Ferguson interviewed PRUITTE. PRUITTE was advised of his rights pursuant to *Miranda* and he agreed to waive his rights and speak with Agent McClendon and TFO Ferguson. PRUITTE identified the decedent as his girlfriend, and stated that the last time he had seen ELT was when he overdosed at his residence approximately three weeks prior to her death.

9. PRUITTE stated that on December 22, 2017, ELT contacted him and told him that she had $500. He said she wanted to know if he could pick her up so that she could get high. PRUITTE advised ELT that it would be a few hours before he could meet up with her. ELT asked PRUITTE if there was anyone he trusted who could deliver heroin to her. PRUITTE stated that there was someone he trusted. PRUITTE hung up the phone and then contacted Miles Johnson to set up a drug transaction with ELT. PRUITTE's information was corroborated based as result of telephone analysis of PRUITTE's, ELT's and Johnson's telephone records.

10. PRUITTE stated that he spoke with Johnson and asked Johnson to deliver heroin to ELT in Dinwiddie County, Virginia for $200.00. Johnson advised PRUITTE that ELT should call Johnson. PRUITTE then called ELT and provided her with Johnson's cellular telephone number.

11. PRUITTE stated that within approximately one hour, ELT had received the narcotics from Johnson, and that within 20 minutes she was dead.

12. PRUITTE added that he deleted all of his text messages from that evening. PRUITTE stated that, "The dope that he [Johnson] dropped off killed her." PRUITTE said that between July 2017 and December 2017 he purchased heroin from Johnson more than 30 times and that he had purchased heroin from Johnson on a daily basis.

13. On February 16, 2018, a Virginia Medical Examiner's report was received which listed ELT's death as an accidental death due to Fentanyl and Acetylfentanyl toxicity.

14. On April 9, 2019, Special Agent McClendon and your affiant interviewed PRUITTE a second time. PRUITTE was once again read his rights pursuant to *Miranda* and he agreed to waive his rights and speak with law enforcement. In a post-*Miranda* statement, PRUITTE advised that he and ELT were clean (meaning not using drugs) at the time of her death, but that ELT had insisted on getting high. PRUITTE advised that ELT had begged him for the number of one of his drug dealers. PRUITTE stated that he then called Johnson and asked Johnson if he would bring heroin to ELT at her home in Dinwiddie. PRUITTE stated he called ELT back after speaking with Johnson. Telephone records show contact between ELT, Johnson and PRUITTE on the evening of ELT's death.

15. PRUITTE stated that his role was just to put the two (Johnson and ELT) together, and thereafter he let them do their thing.

16. Based on the foregoing, your affiant believes that probable cause exists to arrest JOHN PRUITTE for conspiring with others, known and unknown, to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of Fentanyl and Acetylfentanyl, in violation of Title 21 U.S.C. §§ 841(a)(1) and 846.

17. All aspects of the events described herein occurred in the Eastern District of Virginia and within the jurisdiction of this Court.

Respectfully submitted April 18, 2019.

_____
Adam J. Ulery
Special Agent
Bureau of Alcohol, Tobacco and Firearms

Reviewed and Approved: AUSA Angela Mastandrea-Miller

Subscribed and sworn to before me
April **18**, 2019
Richmond, Virginia

_____
/S/
David J. Novak
United States Magistrate Judge